HENRY S. BELCHER *vs.* NORMAN A. SMITH.

The payee of a note, who signs his name to these words written on the back there-of, " I hereby guaranty the within note," is not liable thereon as indorser.

THIS was an action of assumpsit on a promissory note, bearing date of January 16, 1850, and payable to the defendant or his order, on demand.

At the trial in the court of common pleas, before *Hoar*, J., the following facts appeared : The defendant on the 3d of February, 1850, transferred this note to Field & Leland, in payment of a debt, and wrote his name on the back of the note, with these words over it : " I hereby guaranty the within note." Field & Leland subsequently transferred the note to the plaintiff, and indorsed upon it, over their signature, these words : " For value received pay to Henry S. Belcher at his own risk." The defendant objected that the plaintiff could not maintain an action in his own name, on the defendant's indorsement ; that it showed a contract of guaranty with Field & Leland, and was not negotiable. But the court ruled that although the contract of guaranty was not negotiable, the effect of the transfer of the note from the defendant to Field & Leland with the indorsement upon it, was such as would have authorized Field & Leland, and would authorize the plaintiff to write over the indorsement the words " pay to Field & Leland or their order ; " and the plaintiff was permitted by the court against the objection of the defendant, to write those words.

The plaintiff having obtained a verdict, the defendant excepted to the above ruling.

*C. P. Huntington*, for the defendant.

*E. Clark*, for the plaintiff.

DEWEY, J. The question raised in the present case, of the right of the plaintiff to maintain an action as indorsee of the promissory note sued upon, was fully considered by us and settled in the recent case of *Tuttle* v. *Bartholomew*, 12 Met. 452. Upon a review of the question, and comparison of the conflicting decisions and grounds upon which they were

placed, the court were of opinion that where the name of the payee of the note was indorsed on the back of the note in no other form than as a signature to a guaranty fully written out and expressed, leaving nothing for implication, this was not such an indorsement as authorized a subsequent holder of the note to sue upon it as indorsee. It is true there was the further objection in that case, that the guaranty was signed not only by the payee of the note, but also by another person, and in the form of a joint guaranty. But irrespective of that, the court were of opinion that the plaintiff could not enforce the payment of the note by a suit in his own name, as indorsee.

*New trial ordered.*